UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOSHUA DAVIS                                    CIVIL ACTION NO. 21-cv-3608

VERSUS                                          JUDGE ELIZABETH E. FOOTE

SOUTHWEST SALES INC., ET AL                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Joshua Davis (a citizen of Louisiana) filed this civil action in state court against Southwest Sales Inc. (incorporated in Arkansas with a principal place of business in Arkansas) and Ronald Bynum (a citizen of Arkansas).  Plaintiff alleged that he was standing in a Speedco parking lot when Bynum, who was in the course and scope of his employment with Southwest Sales, negligently allowed his tractor-trailer rig to strike Plaintiff and injure him.  Southwest Sales and Bynum removed the case based on an assertion of diversity jurisdiction.

Before the court is a Motion for Leave to Intervene (Doc. 11) filed by Speedco, Inc. and Indemnity Insurance Company of North America.  The proposed complaint in intervention asserts that Plaintiff was employed by Speedco at the time of the accident, and Speedco and Indemnity have paid workers' compensation benefits to or on behalf of Plaintiff totaling $9,039.50.  They seek to intervene and assert their statutory right of subrogation to recover that and any future payments from any award made in this case.

For the reasons set forth below, the **Motion for Leave to Intervene (Doc. 11) is denied without prejudice**.  If the proposed intervenors believe they can cure the

deficiencies discussed below, they may reassert their motion by **December 8, 2021**.  If they cannot cure the jurisdictional issues and nonetheless insist on intervening, the court would likely have to remand the case to state court for the reasons explained in Patterson v. Corvel Corp., 2021 WL 4047391 (W.D. La. 2021).  The parties may also be able to reach an agreement that protects the subrogation rights of Speedco and Indemnity without the need for them to formally intervene.

The undersigned has held that a workers' compensation insurer is an intervenor of right and should be treated as an intervenor-plaintiff.  See Patterson and Dushane v. Gallagher Kaiser Corp, 2005 WL 1959151 (W.D. La. 2005).  That requires that there be diversity of citizenship between the intervenors and the defendants and the amount in controversy with respect to the intervention must exceed $75,000.  Griffin v. Lee, 621 F.3d 380 (5th Cir. 2010); Samuels v. Twin City, 602 Fed. Appx. 209 (5th Cir. 2015) (affirming dismissal for lack of jurisdiction when proposed intervenor did not meet the jurisdictional amount requirement).  The burden of establishing subject matter jurisdiction rests on the party seeking to invoke it, so the burden here falls on the proposed intervenors.

The proposed complaint in intervention sets forth an amount in controversy of less than $10,000, so the amount in controversy element (more than $75,000) is not satisfied. The motion and proposed complaint set forth some information about the citizenship intervenors, but they do not provide the precise information needed to ensure complete diversity.

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

Speedco, Inc. alleges that it is a foreign corporation domiciled in Indiana with its principal place of business in Oklahoma.  The principal place of business is one aspect of its citizenship, but Speedco must also allege with specificity the state in which it is incorporated.  Perhaps that is what is suggested by the reference to it being "domiciled" in Indiana, but precise language is necessary to ensure subject matter jurisdiction.

Indemnity alleges that it is a foreign insurance company with its principal place of business in Pennsylvania.  Indemnity would first need to allege with specificity whether it is a corporation or some other form of company/entity.  If it is a corporation, it will also need to allege with specificity the state in which it is incorporated.  If it is not a corporation, then it will need to allege its citizenship in accordance with the rules set forth in cases such as Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017) and Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of November, 2021.

Mark L. Hornsby
U.S. Magistrate Judge